RECEIVED
MAY 28 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN ZACHARIE | CIVIL ACTION NO. 05-1633 |
| VERSUS | JUDGE DOHERTY |
| BFS RETAIL & COMMERCIAL OPERATION, LLC | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING ON MOTIONS TO DISMISS AND TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

Pending before the Court are the following motions filed by BFS Retail & Commercial Operations L.L.C.: (1) a Motion to Dismiss [Doc. 18]; and (2) a Motion to Confirm Arbitration Award and for Entry of Judgment [Doc. 26]. Plaintiff has filed no opposition to either motion. For the following reasons, this Court GRANTS the Motion to Confirm Arbitration Award and for Entry of Judgment [Doc. 26] and the Motion to Dismiss [Doc. 18].

### PROCEDURAL HISTORY

On September 16, 2007, plaintiff John Zacharie filed a complaint [Doc. 1] alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 against defendant, BFS Retail & Commercial Operations L.L.C. ("BFS"), in the Fifteenth Judicial District Court in Lafayette, Louisiana. On September 30, 2007, the matter was removed by BFS. Thereafter, on November 29, 2005, the parties jointly moved to stay the proceedings [Doc. 14], which were stayed pending arbitration [Doc. 15].

On February 12, 2007, following a January 31, 2007 binding arbitration award denying plaintiff's claims in their entirety issued by arbitrator Paul O. Miller, defendant filed a motion to

dismiss the lawsuit [Doc. 18]. Accompanying the motion was a copy of the Arbitration Award [Doc. 19]. On February 23, 2007, this Court issued a Minute Entry following correspondence from plaintiff's counsel requesting additional time to obtain new counsel. [Doc. 20]. This Court granted plaintiff thirty days within which to obtain counsel and gave notice this action would be dismissed with prejudice unless counsel for plaintiff makes an appearance and good cause is shown as to why dismissal is not warranted or plaintiff chooses to go forward *pro se*.

This Court however notes plaintiff has filed pleadings in proper person and, in effect, has been proceeding *pro se* since March 13, 2007.[1] This Court also notes plaintiff was formerly represented by counsel prior to, during and after the parties agreed to enter into binding arbitration. Defendants have now moved this Court to confirm the Arbitration Award and for an Entry of Judgment. In consideration of plaintiff's implicit *pro se* status, this Court will address the merits of the Motion to Confirm Arbitration Award [Doc. 26], in addition to its consideration of the Motion to Dismiss [Doc. 18], notwithstanding plaintiff has made no opposition to either motion.

## LAW

In the enactment of the Federal Arbitration Act (FAA), Congress codified its intent to establish a *strong federal policy* favoring the arbitration of claims that the contracting parties agreed to resolve by arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985). Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon

---

[1] Although plaintiff has not declared his intent to proceed *pro se*, or otherwise enrolled *pro se*, this Court assumes for these purposes he is proceeding *pro se*.

the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

The district court's review of an arbitration award under the FAA is "extraordinarily narrow." *Prescott v. Northlake Christian School*, 369 F.3d 491, 494 (5th Cir. 2004). Under the FAA, a district court may vacate an award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a); *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 791 (5th Cir. 2002). Additionally, in the Fifth Circuit, an arbitration award may be vacated on two non-statutory grounds: if the award displays manifest disregard of the law or is contrary to public policy. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir.2004).

The Fifth Circuit has held that when the parties agree to final and binding arbitration, invoke the district court's jurisdiction before arbitration, and then seek to confirm the award without objection by either party, the parties' implied consent to confirmation permits the district court to exercise jurisdiction. *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 (5th Cir.2000) (citing T & R Enterprises v. Continental Grain Co., 613 F.2d 1272, 1278-79 (5th Cir.1980)).

## DISCUSSION

There is no argument this court lacks authority to confirm the arbitration award, nor is there any argument before this Court that there is a basis for vacating, modifying, or correcting the

arbitration award. Upon a review of the motions and exhibits submitted by defendant, this Court concludes the Arbitration Award should be confirmed. The citizenship of the parties, whose dispute centers on federal questions, is diverse. This Court exercised jurisdiction before and after the binding arbitration to which the parties agreed in writing. The binding arbitration award was issued by the arbitrator on January 31, 2007, and that award has not been corrected, modified or vacated since its issuance.

Seeing no error in law, this Court hereby GRANTS the Motion to Confirm Arbitration Award and for Entry of Judgment [Doc. 26], and, pursuant to the Arbitration Award, this Court issues a Judgment in favor of BFS against plaintiff, as follows: (1) plaintiff's claims are denied in their entirety; (2) the administrative fees and expenses of the American Arbitration Association shall be borne as incurred; (3) the compensation and expenses of the Arbitrator shall be borne by BFS; (4) BFS is awarded $1,232.00 in costs; (5) this award is in full settlement of all claims submitted to the Arbitrator; and (6) all claims not expressly granted herein are, hereby, denied. As the judgment issued resolves the issues between the parties entirely, this Court sees no error in law in BFS's motion to dismiss [Doc. 18], which is hereby GRANTED, and this matter is hereby DISMISSED with PREJUDICE.

## CONCLUSION

In consideration of the foregoing, this Court hereby GRANTS the Motion to Confirm Arbitration Award and for Entry of Judgment [Doc. 26], and, pursuant to the Arbitration Award, this Court issues a Judgment in favor of BFS against plaintiff, as follows: (1) plaintiff's claims are denied in their entirety; (2) the administrative fees and expenses of the American Arbitration Association shall be borne as incurred; (3) the compensation and expenses of the Arbitrator shall be

borne by BFS; (4) BFS is awarded $1,232.00 in costs; (5) this award is in full settlement of all claims submitted to the Arbitrator; and (6) all claims not expressly granted herein are, hereby, denied. As the judgment issued resolves the issues between the parties entirely, this Court sees no error in law in BFS's motion to dismiss [Doc. 18], which is hereby GRANTED, and this matter is hereby DISMISSED with PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana on this ____ day of May 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE